In the
# United States Court of Appeals
## For the Seventh Circuit

No. 25-1244

ASUCENA VELAZQUEZ-OLAIS,

*Petitioner,*

*v.*

TODD BLANCHE, Acting Attorney General of the United States,

*Respondent.*

Petition for Review of an Administrative Decision
Declining to Reopen a Removal Order

ARGUED FEBRUARY 19, 2026 — DECIDED APRIL 6, 2026

Before EASTERBROOK, PRYOR, and KOLAR, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Asucena Velazquez-Olais entered the United States illegally (avoiding inspection at the border) some time before 2018. When a state conviction for possessing cocaine with intent to deliver, see 720 ILCS 570/401(d), brought her to the attention of federal officials, the Department of Homeland Security entered a "Final Administrative Removal Order" (FARO) against her. See 8 U.S.C. §1228(b). Such an order is judicially reviewable, see *Riley v. Bondi*, 606 U.S. 259 (2025), but Velazquez-Olais did not file a

petition for review. She was removed to Mexico on August 10, 2018.

She is back in the United States. Again we do not know when and how she entered, but she does not contend that the entry was authorized or lawful. She asked a state court to amend her conviction from "possession with intent to deliver" to simple possession, contending that the quantity seized on her arrest (28.1 grams) is consistent with personal use. The state judiciary obliged.

Counsel for Velazquez-Olais then asked an immigration official in Chicago to reopen and cancel the removal order. After an exchange of emails, a Deportation Officer in the Chicago Field Office of the Department of Homeland Security stated that the "Chicago Office" would not revisit the 2018 order. Velazquez-Olais now invokes 8 U.S.C. §1252(a), asking the court of appeals to review that email message.

It is one thing to say, as the Justices did in *Riley*, that a final order of removal is reviewable even when entered through an expedited process. It is quite another to suppose that an email declining to do anything about an order executed years ago is the same as an order of removal. *Riley* carefully identified the characteristics that make something an order of removal. 606 U.S. at 267. The email that Velazquez-Olais received possesses none of these. With some exceptions, §1252(a)(1) authorizes a court of appeals to review a "final order of removal", so we could have reviewed the 2018 order. But that order has been carried out. All questions about timing to one side (§1252(b)(1) allows only 30 days to seek judicial review), it is not possible to see an email from a field office as the agency's final decision, let alone as a "final order of removal."

There is just nothing to review. The 2018 order has been executed. Once an order has been executed, it cannot be re-

executed. *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 487 (9th Cir. 2007). An order of removal may be *reinstated* under 8 U.S.C. §1231(a)(5), and the act of reinstatement is reviewable under some circumstances. See *Villa v. Barr*, 924 F.3d 370, 372–73 (7th Cir. 2019). But the 2018 order has not been reinstated. Instead the Department of Homeland Security restarted the removal process last July by issuing a Notice to Appear. A new decisional process is under way. Velazquez-Olais can argue there that a conviction for simple possession of cocaine does not foreclose avenues of discretionary relief.

If the ongoing process leads to a new order of removal, Velazquez-Olais will be free to seek judicial review. If she is criminally prosecuted for her reentry, that too would facilitate review, subject to the limitations in 8 U.S.C. §1326(d). See *United States v. Palomar-Santiago*, 593 U.S. 321 (2021); *United States v. Manriquez-Alvarado*, 953 F.3d 511 (7th Cir. 2020). But she is not now subject to an order of removal, so we lack jurisdiction under §1252(a).

The petition for review is dismissed.